# EXHIBIT 1



FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
AUG 10 2020
[signature]
MIDDLESEX, SS.

4

# Commonwealth of Massachusetts

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081CV01627

___Richard Martin___, PLAINTIFF(S),

V.

___Summit Therapeutics, Inc___, DEFENDANT(S)



## SUMMONS

THIS SUMMONS IS DIRECTED TO ___Summit Therapeutics, Inc___. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___Middlesex Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a. Filing your **signed original** response with the Clerk's Office for Civil Business, ___Middlesex Superior___ Court, ___200 TradeCenter, Woburn, MA 01801___ (address), by mail or in person, **AND**
    b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: ___100 State Street, 9th Fl. Boston, MA 02109___

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___July 23___, 20_20_.

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

### PROOF OF SERVICE

I hereby certify and return that I served a copy of the within summons, together with a copy of the complaint in this action upon the within named defendant by: +JURY DEMAND

CT. CORP SYSTEM, RECORDS
☑ In hand service to: SEQUEIRA LAVENDER-
☐ Accepted by an adult male/female over the age of 18
☐ Left at last & usual place of abode
☐ Copy mailed first class on: _____
To: 155 FEDERAL ST #700
    BOSTON, MA 02110

DATE OF SERVICE: 7-30-2020

☑ Motion FOR SPECIAL PROCESS SERVER
☐ Motion _____
☐ Motion _____
☐ Affidavit Disclosing Care or Custody Proceedings
☐ Public Assistance Affidavit
☐ Track Assignment Notice
☐ Exhibits
☐ Financial Statement
☐ Affidavit
☑ Other CIVIL TRACKING ORDER, CIVIL ACTION COVER SHEET

Signed under the penalties of perjury
_____
Robert Sweeney
CONSTABLE & PROCESS SERVER

SUMMIT THERAPEUTICS, INC.

, 20___

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                SUPERIOR COURT DEPARTMENT
                                              DOCKET NO. 20-1627

RICHARD MARTIN                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )
SUMMIT THERAPEUTICS, INC.         )
                                  )
        Defendant.                )
                                  )

FILED IN THE OFFICE OF THE CLERK OF COURT FOR THE CO...
JUL 13 2020

## COMPLAINT AND JURY DEMAND

### Introduction

1. Plaintiff Richard Martin ("Plaintiff" or "Martin") resides at 9 Ashland Street, Dorchester, Massachusetts.

2. Defendant Summit Therapeutics, Inc. ("Defendant" or "Summit") is located at 1 Broadway, 14th Floor, Cambridge, MA.

3. Martin worked at Summit from June 2019 until January 2020. Martin was the QA Director and was tasked with overseeing all quality functions for Summit's clinical and commercial activities.

4. Upon starting his employment, Martin immediately complained that the QA Group was understaffed and could not adequately perform its duties. Despite Martin's complaints, there were no additional staff added to Summit's QA Group. The lack of staff led to many issues.

5. In October 2019, Martin informed Summit that it violated the regulations set forth in 21 CFR § 211 by failing to provide oversight of Syneous Health, Inc. ("Syneous").

6. Syneous was tasked with performing clinical trials for Summit's drug candidate, Ridinalzole. Ridinaloze's development was partially funded by U.S. government through the Biomedical Advanced Research and Development Authority ("BARDA").

7. Syneous did not have any standard operating procedures for its work and violated multiple good clinical practices. Martin complained about several other major and minor violations committed by Syneous.

8. Summit engaged Patheon, N.V. ("Patheon") to manufacture Ridinalzole.

9. Patheon manufactured adulterated and contaminated material that failed clinical specifications. Martin discovered that another Summit employee was asked to write a memorandum allowing for the use of the adulterated material to be further processed. Martin was not informed of this until after the material had been improperly released.

10. Martin's supervisor at Summit, Katy Baly, simply ignored Martin's complaints concerning Syneous.

11. Karen Nugent, VP of Clinical Operations, told Martin that he was not allowed to disclose any violations to BARDA as she wanted to hide these violations from them to prevent them from de-funding development of Ridinalzole.

12. Summit failed to disclose any of these issues to BARDA. Summit continued to improperly solicit government funds from BARDA to continue the clinical trials,

without notifying them of any of the issues flagged by Martin. Martin complained repeatedly that this was illegal and fraudulent.

13. In December 2019, Martin was given his review. Martin was noted to be "reactionary." Martin was further told that although the QA Group was supposed to be independent, he needed to work more with the other Departments to move things "in the right direction." Martin, however, refused to agree to overlook the serious regulatory issues and informed his supervisors of his position in December 2019.

14. Martin was terminated in January 2020.

## Count I

## Violation of the Federal False Claims Act

## 31 U.S.C. § 3730(h)

15. The Plaintiff realleges and reincorporates paragraphs 1-14 herein.

16. The Defendant (Plaintiff's employer) harassed, retaliated and discriminated against the Plaintiff by terminating his employment in response to his lawful conduct involving potential violations of the Federal False Claims Act by Summit.

17. By its actions, Summit violated 31 U.S.C. § 3730(h) of the Federal False Claims Act, which, *inter alia*, prohibits retaliation against an employee who raises concerns to his employer about possible violations of the Federal False Claims Act.

18. Defendant Summit retaliated against the Plaintiff because he raised concerns

about Summit's improper practices and the submission of improper clinical test results to BARDA in order to continue government funding for said clinical trials.

19. Any other ground that Summit had to terminate Martin was pretextual. Accordingly, the Defendant discharged, harassed, and discriminated against the Plaintiff on account of conduct protected by 31 U.S.C. § 3130(h). Such conduct constituted retaliatory conduct in violation of the statute.

20. Defendant Summit's unlawful conduct has caused damage to Plaintiff in the form of lost earnings (past and future), lost benefits (including medical and dental), lost 401(k) and emotional distress. Plaintiff is entitled to monetary damages from Defendant Summit to compensate him for the harms he has suffered, plus interest on those damages and his attorney's fees and costs.

## COUNT II
### Wrongful Termination in Violation of Public Policy

21. The Plaintiff realleges and reincorporates paragraphs 1-20 herein.

22. The Defendant (Plaintiff's employer) unlawfully terminated the Plaintiff's employment in retaliation for his engaging in activity required by law and/or for his refusing to do what the law forbids. Thus, under Massachusetts law, Defendant Summit wrongfully terminated Plaintiff in violation of public policy.

23. Defendant Summit's unlawful conduct has caused damage to Plaintiff in the form of lost earnings (past and future), lost benefits (including medical and dental), lost 401(k) and emotional distress. Plaintiff is entitled to monetary damages from Defendant Summit to compensate him for the harms he has suffered, plus interest on those damages and his attorney's fees and costs.

24. Defendant Summit's conduct was so outrageous and egregious that Plaintiff should be awarded punitive damages paid by Summit.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all his claims.

WHEREFORE, Plaintiffs requests that this Court enter the following relief:

1. With respect to Count I, an award for all available damages, including, without limitation, two times the amount of back pay, front pay, damages for lost benefits, damages for emotional distress, and attorney's fees and costs;

2. With respect to Count II, an award for all available damages, including, without limitation, back pay, front pay, damages for lost benefits, damages for emotional distress, and attorney's fees and costs;

3. Pre- and post-judgment interest; and

4. Any other relief to which the named Plaintiff may be entitled.

Dated: 7/20/2020

Respectfully submitted,
The Plaintiff,
By his attorney,

David B. Summer (BBO 634514)
100 State Street, Suite 900
Boston, MA 02109
(617) 695-0050
Fax: (617) 695-0055



| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20-1627 | | Trial Court of Massachusetts The Superior Court |
|---|---|---|---|
| PLAINTIFF(S): Richard Martin ADDRESS: 9 Ashland Street, Dorchester, MA 02122 | | COUNTY Middlesex DEFENDANT(S): Summit Therapeutics, Inc. | |
| ATTORNEY: David Summer ADDRESS: 100 State Street, Suite 900, Boston MA 02109 | | ADDRESS: 1 Broadway, 14th Floor, Cambridge, MA 02142 | |
| BBO: 634514 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | ☒ YES ☐ NO |

*If "Other" please describe: wrongful termination

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ................................................................................... $ _____
   2. Total doctor expenses .................................................................................... $ _____
   3. Total chiropractic expenses ............................................................................ $ _____
   4. Total physical therapy expenses .................................................................... $ _____
   5. Total other expenses (describe below) .......................................................... $ _____
      Subtotal (A): $ _____
B. Documented lost wages and compensation to date ............................................ $ _____
C. Documented property damages to dated .......................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses .......................... $ _____
E. Reasonably anticipated lost wages .................................................................... $ 95,000+
F. Other documented items of damages (describe below) ...................................... $ _____

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF ...
JUL 1 3 2020

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ 95,000+

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X  Date: 7/10/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  Date: 7/10/2020

| | | | |
|---|---|---|---|
| CIVIL TRACKING ORDER
(STANDING ORDER 1-88) | DOCKET NUMBER
2081CV01627 | Trial Court of Massachusetts
The Superior Court | |
| CASE NAME:
Martin, Richard vs. Summit Therapeutics, INC. | | Michael A. Sullivan, Clerk of Court
Middlesex County | |
| TO: File Copy
, | | COURT NAME & ADDRESS
Middlesex County Superior Court - Woburn
200 Trade Center
Woburn, MA 01801 | |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION            DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/13/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 11/12/2020 | |
| All motions under MRCP 12, 19, and 20 | 11/12/2020 | 12/11/2020 | 01/11/2021 |
| All motions under MRCP 15 | 11/12/2020 | 12/11/2020 | 01/11/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 05/10/2021 | | |
| All motions under MRCP 56 | 06/09/2021 | 07/09/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/08/2021 |
| Case shall be resolved and judgment shall issue by | | | 07/14/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/14/2020 | Arthur T DeGuglielmo | (781)939-2757 |

Date/Time Printed: 07-14-2020 10:46:45                                                                                                         SCV026\ 08/2018